THE ATTORNEY GENERAL HAS ASKED THAT I RESPOND TO YOUR REQUEST FOR AN INFORMAL OPINION ADDRESSING WHETHER THE USE OF CERTAIN FUNDING TECHNIQUES FOR STATE EXPENDITURE OF FEDERAL FUNDS IS CONSISTENT WITH ARTICLE X, SECTION 23 OF THE OKLAHOMA CONSTITUTION. THE DISCUSSION WHICH FOLLOWS IS NOT A FORMAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE ANALYSIS AND CONCLUSIONS ARE THOSE OF THE UNDERSIGNED, REACHED AFTER CAREFUL RESEARCH OF THE QUESTION PRESENTED BY YOUR LETTER.
GENERAL BACKGROUND
THE CASH MANAGEMENT IMPROVEMENT ACT OF 1990, PUBLIC LAW101-453 (THE "ACT"), GENERALLY REQUIRES STATES TO ADOPT PROCEDURES TO MINIMIZE THE AMOUNT OF TIME BETWEEN RECEIPT OF FEDERAL FUNDS AND EXPENDITURE BY THE STATE OF THOSE FUNDS.31 U.S.C.A. 6503. THE ACT ALSO REQUIRES STATES TO PAY INTEREST ON FEDERAL MONEY DURING THE "FLOAT" PERIOD BETWEEN RECEIPT AND DISBURSAL. ID. TO IMPLEMENT THE ACT, THE DEPARTMENT OF THE TREASURY HAS ISSUED REGULATIONS SETTING FORTH SEVERAL APPROVED FUNDING TECHNIQUES, INCLUDING ZERO BALANCE AND DELAY OF DRAW FUNDING TECHNIQUES, WHICH STATES MAY USE TO CONFORM THEIR FISCAL PROCEDURES TO THE ACT. 31 C.F.R. 205.
CURRENTLY, THE EXPENDITURE OF FEDERAL MONIES IS INTEGRATED INTO THE STATE'S FINANCIAL SYSTEM. FEDERAL FUNDS MUST BE DEPOSITED IN THE STATE TREASURY AND ARE DISBURSED UPON WARRANTS ISSUED BY THE STATE TREASURER. 62 O.S. 41.8 (1991). IN VIEW OF THIS INTEGRATION, THE LEGISLATURE HAS AUTHORIZED THE DIRECTOR OF STATE FINANCE TO SUPERVISE STATE COMPLIANCE WITH THE ACT 62 O.S. 41.4 (1991). IT HAS FURTHER AUTHORIZED THE USE OF SPECIAL PREAUDIT AND SETTLEMENT SYSTEMS FOR A NUMBER OF MAJOR FEDERAL ASSISTANCE PROS RAMS. 62 O.S. 41.21 (1992). PRESUMABLY, THESE SPECIAL SYSTEMS WOULD ALLOW THE USE OF SELECTED FUNDING TECHNIQUES
THE FUNDING TECHNIQUES
THE SPECIFIC FUNDING TECHNIQUES ABOUT WHICH YOU INQUIRE ARE ZERO BALANCE FUNDING AND ESTIMATED CLEARANCE FUNDING. BASED UPON THE MATERIALS ACCOMPANYING YOUR REQUEST AND MY CONVERSATIONS WITH MEMBERS OF THE STAFF OF THE OFFICE OF STATE FINANCE, THESE TECHNIQUES MAY BE DESCRIBED AS FOLLOWS:
 (1) ZERO BALANCE FUNDING INVOLVES PAYMENTS MADE BY ELECTRONIC FUNDS TRANSFER ("EFT"). IT REQUIRES AGENCIES TO REQUEST AND DEPOSIT FEDERAL FUNDS ON EACH OF THE DAYS THEY ARRANGE TO MAKE EFT PAYMENTS; THE AMOUNT OF EACH DEPOSIT IS EQUAL TO THE AMOUNT OF THAT DAY'S EFT PAYMENTS. THUS, ZERO BALANCE FUNDING CONTEMPLATES THE SIMULTANEOUS DEPOSIT OF APPROPRIATE AMOUNTS OF FEDERAL FUNDS INTO AGENCY ACCOUNTS ON THE DAYS EFT PAYMENTS ARE MADE.
 (2) ESTIMATED CLEARANCE FUNDING INVOLVES AN ANALYSIS OF THE MANNER IN WHICH WARRANTS CLEAR. FIRST, AGENCIES REVIEW THE HISTORICAL PATTERN BY WHICH WARRANTS ISSUED BY STATE AGENCIES ARE PRESENTED FOR PAYMENT AND MAKE ESTIMATES OF THE DATES THAT THEY BELIEVE FUTURE WARRANTS, AFTER THEY ARE ISSUED AND DELIVERED, WILL CLEAR. THE AGENCIES THEN ISSUE AND DELIVER WARRANTS. AFTER THE WARRANTS ARE OUT, THE AGENCIES REQUEST AND MAKE DEPOSITS OF FEDERAL FUNDS ON DAYS AND IN AMOUNTS THAT CORRESPOND TO THE ESTIMATED CLEARANCE PATTERN.
ARTICLE X, SECTION 23
ARTICLE X, SECTION 23 OF THE OKLAHOMA CONSTITUTION PROVIDES, IN PERTINENT PART, AS FOLLOWS:
 "ANY DEPARTMENT, INSTITUTION OR AGENCY OF THE STATE OPERATING ON REVENUES DERIVED FROM ANY LAW OR LAWS WHICH ALLOCATE THE REVENUES THEREOF TO SUCH DEPARTMENT, INSTITUTION OR AGENCY SHALL NOT INCUR OBLIGATIONS IN EXCESS OF THE UNENCUMBERED BALANCE OF CASH ON HAND."
THE PLAIN LANGUAGE OF 23 PROHIBITS STATE AGENCIES WHICH OPERATE ON REVENUES DERIVED FROM APPROPRIATIONS LAWS — VIRTUALLY ALL STATE AGENCIES — FROM INCURRING OBLIGATIONS IN EXCESS OF THEIR UNENCUMBERED CASH BALANCE. IN CONSTRUING SUCH CONSTITUTIONAL LANGUAGE, IT IS APPROPRIATE TO APPLY THE SAME PRINCIPLES THAT ARE USED IN CONSTRUING STATUTES. SEE COWART V PIPER AIRCRAFT CORP., 665 P.2D 315 (OKLA.1983). ONE OF THESE PRINCIPLES IS THAT WHERE THE LANGUAGE OF A PROVISION IS CLEAR AND UNAMBIGUOUS, NO OCCASION EXISTS TO EMPLOY RULES OF CONSTRUCTION AND THE PROVISION WILL BE GIVEN THE MEANING EXPRESSED BY THE LANGUAGE USED THEREIN. TRW/REDA PUMP V. BREWINGTON, 829 P 2D 15 (OKLA.1992). THUS, THE RULE OF ARTICLE X, SECTION 23 IS THAT AGENCIES CANNOT INCUR OBLIGATIONS UNLESS THEY HAVE SUFFICIENT, AVAILABLE "CASH ON HAND" TO SATISFY THESE DEBTS.
ANALYSIS
YOUR QUESTION IS WHETHER THE USE OF ZERO BALANCE FUNDING OR ESTIMATED CLEARING FUNDING TECHNIQUES, AS DESCRIBED ABOVE, IS CONSISTENT WITH ARTICLE X, SECTION 23 OF THE OKLAHOMA CONSTITUTION.
FOR PURPOSES OF ANSWERING YOUR QUESTION, I WILL ASSUME THAT THE "OBLIGATIONS" WHICH GIVE RISE TO PAYMENTS ARE "INCURRED," WITHIN THE MEANING OF 23, ON THE DATE THAT (L) EFT PAYMENTS ARE MADE, OR (2) WARRANTS ARE ISSUED AND DELIVERED.
WITH RESPECT TO THE ZERO BALANCE FUNDING TECHNIQUE, A DEPOSIT OF FEDERAL MONIES IN AN AMOUNT CORRESPONDING TO THE AMOUNT OF ANY EFT PAYMENTS IS MADE ON THE SAME DAY THAT THE EFT PAYMENTS ARE MADE. ACCORDINGLY, THERE SHOULD BE SUFFICIENT "CASH ON HAND" TO COVER THE EFT PAYMENTS. BECAUSE THIS PROCEDURE DOES NOT REQUIRE STATE AGENCIES TO INCUR OBLIGATIONS IN EXCESS OF THE AMOUNT OF THEIR CASH BALANCE, USE OF THIS FUNDING TECHNIQUE APPEARS TO BE CONSISTENT WITH THE DICTATES OF 23 OF THE CONSTITUTION.
WITH RESPECT TO THE ESTIMATED CLEARANCE FUNDING TECHNIQUE, THE POTENTIAL FOR CONSTITUTIONAL VIOLATION DOES ARISE. BECAUSE OBLIGATIONS ARE "INCURRED" ONCE WARRANTS ARE ISSUED AND DELIVERED, THE ESTIMATED CLEARANCE FUNDING TECHNIQUE REQUIRES AGENCIES TO INCUR OBLIGATIONS BEFORE THERE IS AN OFFSETTING DEPOSIT OF FEDERAL FUNDS. CLEARLY, A CONSTITUTIONAL PROBLEM EXISTS UNLESS THE ISSUING AGENCY HAS OTHER "CASH ON HAND" TO COVER THE AMOUNT OF THE WARRANTS BETWEEN THE DATE THE WARRANTS ARE ISSUED AND DELIVERED AND THE DATE THE OFFSETTING DEPOSIT OF FEDERAL FUNDS IS MADE.
CASH ON HAND
ONE INCIDENTAL QUESTION WHICH IS POTENTIALLY TROUBLESOME IS THE DETERMINATION OF WHAT FUNDS AGENCIES MAY RELY UPON AS "CASH ON HAND." MY RESEARCH HAS NOT UNCOVERED ANY PUBLISHED OPINIONS BY OKLAHOMA COURTS WHICH ADDRESS THIS ISSUE, BUT A SIMILAR QUESTION WAS THE SUBJECT OF AN EARLIER OPINION OF THE ATTORNEY GENERAL. IN A.G. OPIN. 84-039, THE ATTORNEY GENERAL FOUND THAT "CASH ON HAND" MEANT "READY MONEY" AND INCLUDED DEMAND DEPOSITS WHICH WERE SUBJECT TO IMMEDIATE WITHDRAWAL, BUT DID NOT INCLUDE INVESTMENTS WHICH COULD NOT BE IMMEDIATELY LIQUIDATED. ID. CONSISTENT WITH THIS APPROACH, CASES FROM OTHER JURISDICTIONS GENERALLY CONSTRUE THE PHRASE "CASH ON HAND" TO MEAN "READY MONEY" OR "QUICK ASSETS" AND TO INCLUDE CASH, BANK NOTES, DRAFTS, CERTIFICATES OF DEPOSIT AND OTHER INSTRUMENTS WHICH ARE IMMEDIATELY CONVERTIBLE INTO MONEY, BUT NOT LONGER TERM INVESTMENTS. SEE, E.G., IN THE MATTER OF THE ESTATE OF FARONE, 482 N.E.2D 556, 65 N Y.2D 764 (1985).
THE QUESTION OF WHETHER PARTICULAR INSTRUMENTS OR ASSETS (SUCH AS FEDERAL COMMITMENTS TO PROVIDE FUNDS, IN THE FORM OF LETTERS OF CREDIT OR OTHERWISE, AND FUNDS HELD FOR STATE AGENCIES BY THE FEDERAL GOVERNMENT) QUALIFY AS "CASH ON HAND" WILL, OF COURSE. DEPEND UPON THE FACTS AND CIRCUMSTANCES OF EACH CASE; NEVERTHELESS, THE AUTHORITIES REVIEWED ABOVE ESTABLISH CERTAIN MINIMAL REQUIREMENTS. FOR INSTANCE, TO QUALIFY AS "CASH ON HAND," AN ASSET MUST BE IMMEDIATELY AVAILABLE, MUST REPRESENT AN UNCONDITIONAL OBLIGATION TO PAY AND MUST BE CAPABLE OF BEING READILY AND EFFICIENTLY CONVERTED TO CASH.
CONCLUSION
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED THAT USE OF ZERO BALANCE FUNDING TECHNIQUE IS CONSISTENT WITH THE DICTATES OF ART. X, 23 OF THE CONSTITUTION. THE ESTIMATED CLEARANCE FUNDING TECHNIQUE VIOLATES ARTICLE X, SECTION 23 UNLESS THE ISSUING AGENCY HAS OTHER "CASH ON HAND" TO COVER THE AMOUNT OF ANY WARRANTS BETWEEN THE DATE THE WARRANTS ARE ISSUED AND DELIVERED AND THE DATE THE OFFSETTING DEPOSIT OF FEDERAL FUNDS IS MADE. WHETHER PARTICULAR ASSETS ARE "CASH ON HAND" IS A QUESTION OF FACT; NEVERTHELESS, TO QUALIFY AS "CASH ON HAND," AN ASSET MUST REPRESENT AN UNCONDITIONAL OBLIGATION TO PAY, MUST BE IMMEDIATELY AVAILABLE AND MUST BE CAPABLE OF BEING READILY AND EFFICIENTLY CONVERTED TO CASH.
(K. W. JOHNSTON)